J-S39035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RICARDO LYNN NEVEL :
:
Appellant : No. 155 WDA 2024

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001328-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:　　　　　**FILED: March 26, 2025**

Appellant Ricardo Lynn Nevel appeals from the judgment of sentence imposed following his convictions for simple assault, possession of drug paraphernalia, and harassment.  Appellant's counsel, Russell J. Montgomery, Esq., (Counsel) has filed a motion to withdraw and an ***Anders***/***Santiago*** brief.[1]  After review, we grant Counsel's motion to withdraw and affirm the judgment of sentence.

The record reflects that at a bench trial on October 20, 2023, Candy Geist, the victim, testified that on the evening of June 10, 2023, she had a drink at Wolfie's, a local bar, where Appellant was also present with his current paramour.  N.T. Trial, 10/20/23, at 3-4, 10-11.  Ms. Geist knew Appellant because they had previously been in a relationship and had broken up around

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

2022. *Id.* at 5. After finishing her drink, Ms. Geist walked home, and she was sitting in a recliner in her living room when Appellant entered her residence and accused her of starting trouble with Appellant and Appellant's current paramour. *Id.* at 8-10. Ms. Geist denied Appellant's accusation and then recounted that "he started hitting me . . . [m]y recliner went the whole way back and I couldn't get it up[,]" clarifying that Appellant "punched me in the eye[,]" "my right eye[]" with "a closed fist." *Id.* at 11-12. When asked about the effect of Appellant's punch to her eye, Ms. Geist testified that "[i]t hurt. I was going to call 911 but he took my phone and he threw it[,]" that is, "I got my phone out and starting dialing and he grabbed it and he threw it . . . into my bedroom . . . and it went under my bed[.]" *Id.* at 12-13. The next day, June 11, 2023, Ms. Geist woke up to find her eye "was all black and blue and it was bad, like a blood blister or something[,]" that it "hurt like hell[,]" and then called her cousin, who told her to call 911, and Ms. Geist did then call 911 and was taken by ambulance to a hospital emergency room. *Id.* at 16. By the time of trial, Ms. Geist testified that her eye was "healed, but it still [has] bruising. . . I think it is always going to be like that." *Id.* at 17-18.

Patrolman Michael Ford of the Altoona Police Department testified that on June 11, 2023, he encountered Ms. Geist at the emergency room and that "[i]t was apparent, very apparent that she had an injury to her right eye. Her right eye was very dark, swollen, obviously black and blue like your typical black eye[]" and, further, that her eyeball "was swollen and filled with blood or red from the blood[.]" *Id.* at 28, 32. Patrolman Ford took photographs of

Ms. Geist's injury, which were admitted at trial. *Id.* at 30-32; Exhibits C-1, C-2. Ms. Geist informed Patrolman Ford that "she was struck or punched in the eye one time the previous evening by [Appellant,]" and Patrolman Ford noted that "there was no obvious odors or anything like that that would lead me to believe that she was intoxicated or still under the influence of an intoxicant at that time." N.T. Trial, 10/20/23, at 28, 30.

After speaking with Ms. Geist, Patrolman Ford encountered Appellant at Wolfie's and questioned him about the incident with Ms. Geist. At that time, Appellant stated that he had been with Ms. Geist at her "residence a few minutes prior to our arrival . . . and we knew that not to be true because [Ms.] Geist was at the hospital with us at the time[.]" *Id.* at 36. Appellant also stated that he saw Ms. Geist about "15 to 20 minutes prior to" this police interaction and that she was "drunk, intoxicated" at that time, and implied that she was "stumbling and falling around[.]" *Id.* at 38. A video of this police encounter with Appellant at Wolfie's was played during the trial. *Id.* at 37.

Appellant was arrested and searched, and during this search the police found a "glass pipe" that was "circular, small, skinny, and [] went down to where . . . a bulb of a pipe[]" would be, "[h]owever, that part of the pipe was broke[n]. There was some white residue inside that pipe." *Id.* at 48. Patrolman Nicholas Fardinik of the Altoona Police Department testified that this "type of pipe" with "that white residue is most commonly associated with

- 3 -

the ingestion of methamphetamine[]" and not for the use of any lawful substance such as tobacco. *Id.* at 48.

Appellant testified that at the time of the incident he lived at Ms. Geist's house. *Id.* at 55. Appellant's explanation for Ms. Geist's eye injury was that on June 10, 2023, Ms. Geist was drunk and got angry at Appellant when he got home and she pulled his hair and in the process her "chair upends and she is up against the wall [with her] neck twisted" and "[t]he lamp, table, everything fall[.]" *Id.* at 58, 79-83.

The trial court found that Appellant "punched the victim in the eye causing serious bruising and substantial pain." *See* Trial Ct. Op., 3/4/24, at 3. The trial court acquitted Appellant of possession of a controlled substance and convicted Appellant of simple assault, possession of drug paraphernalia, and harassment.[2] On January 12, 2024, after reviewing a pre-sentencing investigation (PSI) report, the trial court sentenced Appellant to eight to twenty-four months' incarceration for the charge of simple assault and a consecutive sentence of one to twelve months' incarceration for the charge of possession of drug paraphernalia for an aggregate term of nine to thirty-six months.[3] *See* Sentencing Order, 1/12/24; Trial Ct. Op., 3/4/24, at 1-2.

---

[2] 18 Pa.C.S. § 2701(a)(1); 35 P.S. § 780-113(a)(32); 18 Pa.C.S. § 2709(a)(1).

[3] The trial court found that harassment merged with simple assault for sentencing purposes.

Appellant did not raise any claims at his sentencing hearing or file any post-sentence motions.

Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925. Counsel has identified two issues in the **Anders**/**Santiago** brief,[4] which we summarize as follows:

1. Appellant's sentence of nine months to thirty-six months was too harsh.

2. There was insufficient evidence to sustain the conviction of simple assault.

**See Anders**/**Santiago** Brief at 7-9.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of

_____

[4] We note that the statement of questions presented in Counsel's **Anders**/**Santiago** brief does not contain the claims Appellant wishes to advance. Instead, Counsel therein poses the question, "[w]hether Counsel should be permitted to withdraw because [] a review of the record shows that this Appeal is frivolous." **Anders**/**Santiago** Brief at 4. We therefore identify Appellant's issues from the argument section of Counsel's **Anders**/**Santiago** brief. **See**, **e.g.**, **Commonwealth v. Aquino-Oquendo**, 974 MDA 2023, 2024 WL 2034828, at *2 n.4 (Pa. Super. filed May 7, 2024) (unpublished mem.) (identifying issues from the argument section of an **Anders**/**Santiago** brief where counsel failed to include a statement of questions presented). **See also** Pa.R.A.P. 126(b) (stating the Superior Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an *Anders*/*Santiago* brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the following requirements, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113

- 6 -

A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw; sending Appellant a letter that includes notice of Counsel's intent to withdraw and explaining Appellant's appellate rights, including the right to proceed *pro se* or with private counsel; and supplying Appellant with a copy of Counsel's *Anders*/*Santiago* brief.[5] *See Goodwin*, 928 A.2d at 290. In his brief, Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. *See Santiago*, 978 A.2d at 361.

---

[5] Appellant responded to Counsel's *Anders/Santiago* brief by stating that the "arguments [in the brief] were not mine[]" and that Appellant is indigent and cannot afford to hire private counsel, nor does he have the knowledge to represent himself *pro se*. *See* Appellant's Application for Relief, 8/14/24. Notwithstanding his indigent status, Appellant has already had the benefit of counsel in this matter as Counsel is representing Appellant *pro bono*. *See* Appellant's Pet. to Proceed *In Forma Pauperis*, 1/24/24 (wherein Counsel indicated he is representing Appellant free of charge). Further, although Appellant has "a right to counsel on a first appeal, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing such [a frivolous] appeal." *Santiago*, 978 A.2d at 357. This Court denied Appellant's application for relief in a *per curiam* order on September 9, 2024. *See* Order, 9/9/24.

We conclude that Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago** and Counsel has met the technical requirements of **Anders** and **Santiago**, and now address the issues presented in Counsel's **Anders**/**Santiago** brief.

The first issue identified by Counsel is a claim that Appellant's sentence is "too harsh." **See Anders**/**Santiago** Brief at 7. This issue implicates the discretionary aspects of Appellant's sentence. **See Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008) (stating that "[a] challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence." (citation omitted)).

> Before reaching the merits of such a claim we must determine:
>
> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted and some formatting altered). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the trial court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a).

Here, Appellant did not raise any objections after the trial court imposed its judgment of sentence on January 12, 2024, nor did he file any post-sentence motions. Accordingly, Appellant has failed to preserve any discretionary aspect of sentence claims for review and, therefore, this issue is frivolous and no relief is due. **See Corley**, 31 A.3d at 296; **Malovich**, 903 A.2d at 1251; **see also Kalichak**, 943 A.2d at 291.

Appellant's second claim as identified by Counsel is insufficient evidence to sustain Appellant's conviction for simple assault. **See Anders**/**Santiago** Brief at 8-9. Our standard of review for challenges to the sufficiency of the evidence is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

**Commonwealth v. Palmer**, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted and some formatting altered).

Section 2701 of the Crimes Code defines simple assault, in part, as follows:

**(a) Offense defined.**—Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

18 Pa.C.S. § 2701(a)(1). "Bodily injury" means "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Appellant has failed to articulate which element or elements of his simple assault conviction lack sufficient evidence in his Rule 1925(b) statement, which stated only that "[t]here was insufficient evidence presented to convict [Appellant] of simple assault." **See** Rule 1925(b) Statement, 2/9/24. Accordingly, Appellant has failed to preserve this claim and it is, therefore, waived. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (finding waiver of claim where Rule 1925(b) statement "did not adequately identify the errors that [the appellant] intended to challenge on appeal"). Appellant is not entitled to relief on this claim.[6]

Finally, our independent review of the record does not reveal any additional, non-frivolous issues. **See Flowers**, 113 A.3d at 1250; **see also Goodwin**, 928 A.2d at 291. As we have not identified any non-frivolous issues, Appellant's appeal is frivolous and merits no relief. **See Goodwin**, 928 A.2d at 291; **Flowers**, 113 A.3d at 1250.

---

[6] Even if Appellant has not waived his sufficiency claim, the record contains ample evidence for the fact-finder to conclude, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, that Appellant punched Ms. Geist in the face, causing her substantial pain. **See Palmer**, 192 A.3d at 89. Therefore, we would find no merit in Appellant's sufficiency claim.

Judgment of sentence affirmed. Counsel's motion to withdraw granted.

Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/26/2025